592 P.2d 378

**The STATE of Arizona, Appellee,**

v.

**Walter Dean HERNANDEZ, Appellant.**

**No. 2 CA–CR 1488.**

Court of Appeals of Arizona, Division 2.

Jan. 30, 1979.

Rehearing Denied Feb. 28, 1979.

Review Denied March 20, 1979.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Michael P. Roca, Asst. Public Defender, Tucson, for appellant.

OPINION

HOWARD, Judge.

Can a dog be the subject of larceny? Appellant concedes that if the answer is affirmative, his conviction for receiving stolen property was proper. We hold that a dog can be the subject of a larceny and affirm.

A dog was not the subject of larceny at common law. *Sentell v. New Orleans & C. R. Co.,* 166 U.S. 698, 17 S.Ct. 693, 41 L.Ed. 1169 (1897). We believe, however, that Arizona, through statutory law, has made a dog the subject of larceny and receiving stolen property. A.R.S. Sec. 13–621(A) states:

"A person who, for his own gain . . buys, sells, possesses, conceals or receives *personal property,* knowing or having reason to believe that the property is stolen ′ . . . is guilty of a felony if the value of the property is one hundred dollars or more." (Emphasis added)[1]

A.R.S. Sec. 13–663(A)(1) states that grand theft is: "Theft of money, labor or *property* of the value of more than one hundred dollars." (Emphasis added) A.R.S. Sec. 1–215, which contains definitions of words and terms used in our statutes, states that unless the context otherwise requires, "personal property" includes dogs[2] and the word "property" includes personal property.[3] There is nothing in the statutes dealing with theft and receiving stolen property which requires a definition different from

---

1. The value of the dog here was over $100.

2. A.R.S. Sec. 1–215(25).

3. A.R.S Sec. 1–215(27).

that contained in A.R.S. Sec. 1–215(25) and (27).[4]

Affirmed.

HATHAWAY, J., and RICHMOND, C. J., concurring.

4. See definition of "property of another" in the new Criminal Code, A.R.S. Sec. 13–1801(6) (amended 1978).